LAW OFFICES OF DOUGLAS G. INGRAHAM
Douglas G. Ingraham, Esq. (State Bar No. 195755)
723 Ocean Front Walk
Venice, California  90291
Tel.: (310) 663-1956

Attorney for Defendants / Cross-Claimants
NING WU, BIN WU and JUN WU

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN GENERAL LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>          Plaintiff,<br>   vs.<br><br>NING WU, BIN WU, JUN WU, SHIN P. YANG dba THE LAW OFFICES OF SHIN P. YANG, and DOES 1-50,<br><br>          Defendants / Counter-Claimants<br><br>_____<br><br>And related Cross-Claims<br>_____ | Case No.: CVO7-05608 CAS (JCx)<br><br>**NOTICE OF MOTION AND MOTION TO SET ASIDE DEFAULT JUDGMENT AGAINST DEFENDANT / COUNTER-CLAIMANT BIN WU; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF [F.R.C.P. 60(b)]**<br><br>DATE:   Monday, September 28, 2009<br>TIME:   10:00 a.m.<br>COURTROOM:   5<br><br>The Honorable Christina A. Snyder<br><br>**Supporting Documents:**<br>   1. Declaration of Bin Wu<br>   2. Declaration of Douglas G. Ingraham<br>   3. [Proposed] Order |

MOTION TO SET ASIDE DEFAULT JUDGMENT AGAINST BIN WU

-1-

USDC CACD No. CVO7-05608 CAS (JCx)

-2-

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on Moday, September 28, 2009 at 10:00 a.m., or as soon thereafter as this matter may be heard in Courtroom 5 of the United States District Court for the Central District of California, located at 312 N. Spring Street, Los Angeles, California, defendant / cross-claimant Bin Wu will, and hereby does, move this Court for an order for relief from the default judgment entered against him in the above-titled action on September 11, 2008.

This motion is based on this notice, the attached memorandum of points and authorities, the attached declarations of Bin Wu and Douglas G. Ingraham, and the pleadings and papers in the Court file, and is made pursuant to the *Federal Rules of Civil Procedure* Rule 60(b) on the grounds that Mr. Wu did not receive proper service of the complaint, and/or that the events leading to the default judgment were a result of mistake, misrepresentation, excusable neglect and/or other reasons that justify relief.

DATE:  September 1, 2009          By:          [signed electronically]
                                                                Douglas G. Ingraham
                                                                Attorney for Defendants /
                                                                Cross-Claimants
                                                                Ning Wu, Bin Wu,
                                                                and Jun Wu

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      Introduction / Procedural History.**

This is, originally, an interpleader action brought by plaintiff American General Life and Accident Insurance Company ("AGLA") against Ning Wu, Bin Wu, and Jun Wu (collectively, the "Wu Brothers" or "Wu's") and Shin P. Yang, doing business as The Law Offices of Shin P. Yang.

On July 31, 2006, Jiaen Wu (a.k.a. Lisa or Lisha Wu), the sister of the Wu Brothers, was killed in an automobile collision in the state of Arizona. Jiaen Wu had a life insurance policy with AGLA, which named the Wu Brothers as beneficiaries thereunder. All three Wu Brothers are citizens and residents of the People's Republic of China.

On or about March 21, 2007, the Wu Brothers retained attorney Shin P. Yang for the sole and express purpose of seeking damages for the personal injury case resulting from the automobile accident which killed their sister (and not for the purpose – contrary to Mr. Yang's contention – of procuring Jiaen Wu's life insurance proceeds, which was not included in the retainer agreement). On June 8, 2007, Bin Wu, on behalf of himself and his brothers, terminated attorney Yang's representation (*see* attached Declaration of Bin Wu ["Wu decl."], ¶¶ 3-5).

In or around July 2007, AGLA decided to pay the insurance proceeds under Jiaen Wu's policy, which totaled five hundred thousand dollars ($500,000). Mr. Yang claimed a forty percent (40%) lien. The Wu Brothers disputed, and continue to dispute, Mr. Yang's claim as unfounded. Accordingly, AGLA disbursed the uncontested sixty percent (60%) of the insurance proceeds, or three hundred thousand dollars ($300,000), to the Wu Brothers; and deposited the contested remainder, two hundred thousand dollars ($200,000), with this Court, and commenced

this interpleader action on August 28, 2007 with the filing of its complaint.  [Plaintiff AGLA has since been discharged from this action, on May 11, 2009.]

On November 27, 2007, Shin P. Yang filed his answer to AGLA's complaint together with cross-claims against the Wu Brothers.  Service of plaintiff's complaint, and Mr. Yang's answer and cross-claims, on the Wu Brothers – given that they reside in China – was naturally problematic.  On July 29, 2008, a proof of service on Bin Wu [Document #17 of this Court's file] was filed on behalf of Shin P. Yang, in the form of a declaration by Frank Carleo, Mr. Yang's attorney.  Said declaration is dated February 12, 2008, and states that on February 11, 2008, Mr. Carleo "personally handed" to Bin Wu copies of the summons, complaint, and answer, amongst other documents – which is, in fact, <u>not</u> <u>true</u>; *please see* Wu decl., ¶¶ 6-10.  In any event, based on the July 29th proof of service, on August 11, 2008, Shin P. Yang filed a request for an entry of a default judgment against Bin Wu [Court Document #23], which contained another declaration by Frank Carleo signed under penalty of perjury that is replete with falsehoods in paragraph 7 thereof (*see* Wu decl., ¶¶ 6-10).

Despite a deficiency in the August 11th filing requesting an entry of default against Bin Wu [Court Document #26], and its refiling on September 6, 2008 [Court Document #27], the Clerk of this Court entered a default against Bin Wu on September 11, 2008 [Court Document #28].  It is this default judgment against Bin Wu that we here respectfully move the Court to set aside, pursuant to *Fed. R. Civ. P.* Rule 60(b), on the grounds and for the reasons argued below.  Essentially, Bin Wu seeks relief from the Court's default judgment entered against him, and a reinstatement of his status prior to the entry of default, because he was never properly served with the complaint, answer, and cross-claims, and, if he was, because there was mistake, misrepresentation and/or excusable neglect involved in his failure to answer timely; not setting

aside the default judgment would result in an outcome manifestly unjust, and a blatantly unjust enrichment of Shin P. Yang.

At the end of 2008, Bin Wu and his brothers retained Douglas G. Ingraham to represent them in this matter, at which point service of process upon the Wu's ceased to be an issue. On February 9, 2009, each of the Wu Brothers filed an answer to the complaint, together with cross-claims against Mr. Yang. Since Mr. Ingraham's representation of the Wu's in this litigation, he has sought to reach agreement with Mr. Carleo, Mr. Yang's attorney, so that they could stipulate to set aside the default judgment against Bin Wu (*see* attached Declaration of Douglas G. Ingraham ["Ingraham decl."], ¶¶ 4-13). Because the anticipated cooperation on such a stipulation has not been forthcoming, it has become necessary to prepare and file this motion, and to humbly request the Court to set aside Bin Wu's default.

**II.     Legal Argument:  Defendant / Cross-claimant Bin Wu's Requested Relief Is Permitted And Provided For Under The FRCP, And Appropriate In This Matter.**

    **A.     Standard For Relief Under *The Federal Rules of Civil Procedure***

Rule 60(b) of the *Federal Rules of Civil Procedure* provides, in relevant part, that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; . . . (5) . . . applying [the judgment] prospectively is no longer equitable; or (6) any other reason that justifies relief.

"Although the application of Rule 60(b) is committed to the discretion of the district courts and is therefore reviewable in [the Ninth Circuit] only for abuse of discretion, [the Ninth Circuit] has admonished that, as a general matter, Rule 60(b) is 'remedial in nature and . . . must

be liberally applied.'" *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 695-696 (9th Cir. 2001) (citations omitted).

Default judgments are "appropriate only in extreme circumstances; a case should, wherever possible, be decided on the merits.'" *Id.* (citation omitted). "Put another way, where there has been no merits decision, appropriate exercise of district court discretion under Rule 60(b) requires that the finality interest should give way fairly readily, to further the competing interest in reaching the merits of a dispute." *Id.*

In determining whether a party should receive relief from a final judgment or order under Rule 60(b)(1), at least four factors should be examined: (1) the danger of prejudice to the opposite party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Pioneer Investment Services Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 395 (1993); and *Bateman v. United States Postal Service*, 231 F.3d. 1220, 1222 (9th Cir. 2000) (applying factors to Rule 60(b)(1) motion). These factors will be examined below in order. Defendant / cross-claimant Bin Wu respectfully submits that, based on these factors, and the equities involved, his motion for relief should be granted.

> **1.     There is No Prejudice to Defendant / Cross-claimant Shin P. Yang; Rather, Defendant / Cross-claimant Bin Wu Would Suffer Prejudice Should His Motion for Relief Be Denied.**

The first factor, whether there is danger of prejudice to one party if the other party's requested relief is granted, weighs in Bin Wu's favor.

That defendant / cross-claimant Yang would lose the quick victory he obtained as a result of Bin Wu's default is not "prejudice" within the meaning of Rule 60(b). *Bateman, supra*, 231

F.3d at 1225; *Augusta Fiberglass, Inc. v. Fodor Contracting Corp.*, 843 F2d 808, 812 (4th Cir. 1988) ("we perceive no disadvantage to Augusta beyond that suffered by any party which loses a quick victory"). In another case, when reversing the denial of a motion to vacate a default judgment, the Ninth Circuit stated that "merely being forced to litigate on the merits cannot be considered prejudicial . . ." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001).

Nor would defendant / cross-claimant Yang be prejudiced by any delay in the resolution of this action; Mr. Yang must still litigate, or otherwise achieve resolution of, the same exact issues on the same facts against Mr. Bin Wu's brothers, Ning Wu and Jun Wu. Furthermore, such delay is not "prejudice" within the meaning of Rule 60(b). "The mere possibility of prejudice from delay, which is inherent in every case, is insufficient to require denial of a 60(b)(1) motion." *Bateman*, *supra,* 231 F.3d at 1225 (citing *Hibernia Nat'l Bank v. Administration Cent. Sociedad Anonima*, 776 F.2d 1277, 1280 (5th Cir. 1985)). "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *TCI*, *supra*, 244 F.3d at 701. Moreover, this motion is being filed within the time limits prescribed by *Fed. R. Civ. P.* Rule 60(c)(1); and before any significant judicial progress with respect to the cross-claims between Shin P. Yang and Bin Wu's brothers Ning and Jun – in fact, concurrently herewith, the Wu Brothers' counsel is being obliged to prepare and will shortly file a motion to compel discovery against defendant / cross-claimant Yang, due to said party's utter non-responsiveness to discovery requests propounded and served on him on June 6, 2009.

In fact, it will be Mr. Bin Wu – not Mr. Yang – who suffers severe prejudice if the Court's entry of a default judgment against him is not set aside and his case not reinstated. This

is because Bin Wu would suffer the ultimate sanction of losing his case due to reasons understandable and forgivable.

It is for this reason that courts have generally found it fundamentally unfair to cause a party to lose the right to pursue an action and have it decided on the merits because of a situation subject to Rule 60(b)'s purview. *See, e.g., SEC v. Lewis*, U.S. Dist. LEXIS 29597 (C.D. Cal. 2004) (granting motion to set aside default judgment under Rule 60(b)(1) where defendant failed to respond to complaint); *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808 (4th Cir. 1988) (contractor entitled to relief from default because of attorney carelessness); *U.S. ex rel. Kira, Inc. v. Actus Lend Lease, LLC*, WL 1725649 (E.D.Cal. 2007) (fundamentally unfair to punish client for attorneys' failure to respond to the court's Order to Show Cause); *Shepard Claims Service, Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 195 (6th Cir. 1986) (client should not lose case because of his attorney's neglect and inattention).

Thus, the first factor – prejudice – weighs heavily in favor of reinstating the action. "'Especially when a case is still young, 'a district court must consider . . . less drastic alternative sanctions before dismissing.'" *Laurino v. General Hospital*, 279 F.3d 750, 754 (9th Cir. 2002).

### 2. The Length Of Delay And Potential Impact On Judicial Proceedings Are Minimal.

The second factor, length of delay and the potential impact on judicial proceedings, also favors setting aside the default judgment and reinstating this action with respect to Mr. Bin Wu.

This case has progressed to the point that AGLA, the plaintiff in this interpleader action, has been dismissed as a party in this matter as of May 11, 2009. With respect, however, to the cross-claims between the original defendants, the Wu Brothers and Shin P. Yang, this litigation is at a relatively early stage, in part because – as mentioned above – Shin P. Yang has yet to

respond in any way to the discovery propounded upon him on June 6, 2009. If the Court grants this motion and reinstates the action, Bin Wu will simply be returned to the status his brothers now have; the scheduling of proceedings in this matter will be unaffected, and the time-line of this litigation will not negatively impact defendant / cross-claimant Yang.

Under these circumstances, the second factor weighs in defendant / cross-claimant Bin Wu's favor. *See, e.g., Johnson v. Executive Protective Agency K-9,* WL 2819712 (S.D.Cal. 2007) (finding plaintiffs' conduct had minimal effect on the proceedings because fewer than three months had elapsed from the date on which their filing was due, the case was in the early stages of the litigation, and the delay has not substantially affected the scheduling of any proceedings).

### 3. Defendant / Cross-claimant Bin Wu Had Valid Reasons For Much Of The Delay In Answering The Complaint.

In the instant matter, Shin P. Yang's request for an entry of default against Bin Wu was premised upon the alleged proof of personal service signed under penalty of perjury and filed by Frank Carleo, Mr. Yang's attorney, on July 29, 2008 [Court Document #17] and on Mr. Carleo's declaration dated August 10, 2008, part of Mr. Yang's request for entry of default against Bin Wu, filed August 11, 2008 [Court Document #23]. (A third declaration by Frank Carleo also references his alleged personal service on Mr. Bin Wu and was filed with this Court on August 15, 2008 [Court Document #25]; it contains numerous falsehoods in paragraphs 7 and 8 thereof.) All of these declarations exhibit, in the language of *Fed. R. Civ. Proc.* Rule 60(b)(3), "misrepresentation[,] or misconduct by an opposing party" – if not fraud.

Mr. Bin Wu was here in the United States from approximately February 11th through February 19th, 2008, and met with Shin P. Yang, his former attorney, to discuss outstanding

matters with respect to his sister's death (Wu decl., ¶¶ 6, 11). On February 11th, he did meet Frank Carleo at Mr. Yang's office, although he was not introduced to him for quite some time (*id.*). Mr. Bin Wu had lunch with Mr. Yang, Mr. Carleo, and Mr. Yang's secretary, and, when they returned to Mr. Yang's office, Mr. Carleo left (Wu decl., ¶ 7). <u>Contrary</u> to Mr. Carleo's sworn declarations, Mr. Carleo <u>never</u> <u>served</u> Mr. Bin Wu with any papers of any kind, nor had <u>any</u> <u>discussions</u> of any kind with Bin Wu about this litigation or his brothers (Wu decl., ¶¶ 6-10).

A good hour or so after Mr. Bin Wu had returned to Mr. Yang's office, long after Mr. Carleo had left, Mr. Yang's secretary handed Bin Wu a sealed packet of papers. He was not told what this packet contained (AGLA's summons and complaint, and Mr. Yang's answer and cross-claims against the Wu's, *inter alia*) (Wu decl., ¶ 7). None of these documents were translated into Chinese, and it had been customary – usually but not always – that Mr. Yang would provide important documents to the Wu's in Chinese (Bin Wu's English is minimal). Bin Wu was not told he and his brothers were being sued by AGLA and Mr. Yang (*id.*).

Once Bin Wu had returned to China, his reaction upon discovering the contents of the packet Mr. Yang's secretary had provided him was, to use the word in *Fed. R. Civ. Proc.* Rule 60(b)(1), certainly "surprise" (Wu decl., ¶¶ 11-13). It took some time and expense before Bin Wu could learn in China exactly what these legal papers meant for him and his brothers (*id.*). After consideration of a couple of American attorneys, Bin Wu and his brothers engaged Mr. Ingraham to represent them in this matter (Wu decl., ¶¶ 14-16). That the Wu's did not answer AGLA's complaint and Mr. Yang's cross-claims until February, 2009 certainly seems, under the circumstances, "excusable neglect", as envisioned by *Fed. R. Civ. Proc.* Rule 60(b)(1).

In addition, since retaining Mr. Ingraham, it is certainly "excusable neglect," as it were, that Bin Wu has not moved this Court to set aside the default judgment entered against him until

now. Bin Wu's attorney, Mr. Ingraham, has sought to reach, and anticipated reaching, a stipulation with Mr. Carleo that the default against Bin Wu would be set aside, since late January 2009 (Ingraham decl., ¶¶ 4-13). Since that has not occurred, this motion became necessary.

Under the circumstances above, and in light of the grounds described in *Fed. R. Civ. Proc.* Rule 60(b), that defendant / cross-claimant Bin Wu had valid reasons for a considerable portion of the delay in answering the complaint weighs in favor of granting this motion.

### 4. Defendant / Cross-claimant Bin Wu's Conduct Was In Good Faith.

The fourth and final factor also weighs in the moving party's favor because Bin Wu's conduct was in good faith.

A showing of lack of culpability is sufficient to meet Rule 60(b)(1)'s "excusable neglect" or "mistake" criteria. *TCI Group Life Ins. Plan v. Knoebber*, 244 F3d at 697 (9th Cir. 2001). Culpable or inexcusable conduct involves "intentional" acts that are "willful, deliberate or evidence of bad faith," and conduct that intends to take advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process. *Id.* at 697-698. Here, there are no facts indicating culpability or manipulation of the legal process.

In *Falk v. Allen*, 739 F.2d 461 (9th Cir. 1984), the Ninth Circuit vacated a default judgment even though the defendant did not move to set aside the default judgment until some five months later. *Id.* at 462. There, the default judgment was entered against a defendant who failed to appear at the hearing because she left the country for medical treatment in Korea. *Id.* The Ninth Circuit held that because defendant's knowing failure to answer was not designed to obtain strategic advantage in the litigation, the default judgment should be vacated. *Id.* at 464.

Here, as in *Falk* and *Bateman, supra,* amongst other decisions, the moving parties' failures to act, which led to the dismissal of the action, was not designed to subvert the judicial

process or to gain an advantage in the litigation. Mr. Bin Wu was never personally served by Frank Carleo, and the events subsequent to Bin Wu's discovery of the contents of the sealed packet he received in America are excusable under various provisions of *Fed. R. Civ. Proc.* 60(b). Mr. Bin Wu certainly acted in good faith; he had every reason to facilitate the progress of this litigation once he came to understand it concerned his and his brothers' share of their sister's life insurance proceeds – since they had never engaged Shin P. Yang to procure the life insurance proceeds, and being from an alien legal culture, they did not initially comprehend that navigating a lawsuit was required to receive what was rightfully theirs. No bad faith was involved, and the final factor too weighs in Bin Wu's favor in setting aside the default judgment against him. Relief should be granted.

### III. Conclusion.

For the foregoing reasons, defendant / cross-claimant Bin Wu respectfully requests that the Court grant this motion, and reinstate this matter.

Dated: September 1, 2009         By:         [signed electronically]
                                              Douglas G. Ingraham
                                              Attorney for Defendants /
                                              Cross-Claimants
                                              Ning Wu, Bin Wu,
                                              and Jun Wu

## CERTIFICATE OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am over the age of eighteen (18) and a resident of the State of California, and I am not a party to this action. My business address is:

> The Law Offices of Douglas G. Ingraham
> 723 Ocean Front Walk
> Venice, California  90291

On September 1, 2009, I served the foregoing documents described as NOTICE OF MOTION AND MOTION TO SET ASIDE DEFAULT JUDGMENT AGAINST DEFENDANT / CROSS-CLAIMANT BIN WU; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF BIN WU; DECLARATION OF DOUGLAS G. INGRAHAM; and [PROPOSED] ORDER on the interested parties in this action by first-class, prepaid U.S. postal service to:

> The Law Office of Frank Carleo
> 110 W. Las Tunas Drive, Suite F
> San Gabriel, California  91776

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed at Los Angeles, California on September 1, 2009.

Signed:   __[signed electronically]_____
          Douglas G. Ingraham, Esq.