1  | Frank Carleo (#065390)
2  | 110 West Las Tunas Drive, Ste. F
   | San Gabriel, CA  91776
3  | Tel: 626-451-0882
   | Fax:626-451-6766

4

5  | Attorneys for Cross-complainant Shin P. Yang

6

7

8  | UNITED STATES DISTRICT COURT

9  | For the Central District of California

10

11 | AMERICAN GENERAL LIFE AND      Case No.: CV07-05608 CAS (JCx)
12 | ACCIDENT INSURANCE COMPANY,
   |                                **SHIN P. YANG'S BRIEF MEMORANDUM
13 |                                OF POINTS & AUTHORITIES IN
   |                                OPPOSITION TO BIN WU'S MOTION TO
   |                                SET ASIDE THE DEFAULT JUDGMENT.**
14 |            Plaintiff,
   |                                DATE: Monday,
15 |                                TIME: 28 Sept. 2009
   |                                COURTROOM:    5
16 |      vs.
   |                                The Hon. Christina A. Snyder
17

18 | NING WU, BIN WU, JUN WU, SHIN P.
   | YANG dba THE LAW OFFICES OF SHIN
19 | P. YANG,

20

21 |            Defendants & counter-
   | claimants.
22

23

24

25

26

27

28 |                          - 1 -

1      1.      Movant Mr. Bin Wu has failed to support his motion with any admissible

2  evidence.

3      A careful reading of the declarations of Mr. Wu and Mr. Ingraham show that they

4  are utterly devoid of any facts to explain why they waited nearly 365 days to file their

5  motion. Distilled to its essence, the "explanation" of Mr. Wu is that he waited nearly 365

6  days because he could do so. That is the only explanation emanating from the movant.

7      2.      Movant Mr. Bin Wu has failed to set forth any facts showing that he is

8  entitled to the requested relief under Federal Rules of Civil Procedure, Rule 60(b).

9      (a)      Waiting nearly one year because you can is not a manifestation of mistake,

10  inadvertence, surprise, or excusable neglect. Therefore, Rule 60(b)(1) is not applicable.

11      (b)      Waiting nearly one year because you can is not a manifestation of fraud,

12  misrepresentation, or misconduct by an opposing party. Therefore, Rule 60(b)(3) is not

13  applicable.

14      3.      Movant Mr. Bin Wu has not cited a single case where a delay of nearly 365

15  days was set aside.

16      In his otherwise excellent memorandum of points and authorities, Mr. Bin Wu

17  cites several cases. None are on point, and all include delays of less than 5 months.

18  Indeed, most of the "excusable" delays are for period of 30 days or less. For example,

19  on page 6 of his memorandum, Mr. Wu cites the case of Pioneer Investment Services

20  Co. vs. Brunswick Associates Limited Partnership (1992) 507 U.S. 380. However,

21  Pioneer involved at least a negligent assertion of fact by an attorney to his client. There

22  are no such facts in the instant case.

23      On page 7 the movants cites the case of Hibernia Nat. Bk. vs. Admin. Cent. Soc.

24  Anonima (1985) 776 F.2d 1277. All the case stands for is that under the rules then

25  extant there was no such thing as a federal "default" summary judgment. This is an

26  interesting concept but has nothing to do with the facts in this case. On page 8 the

27

28      - 2 -

movants cites the case of <u>Shepard Claims Service vs. William Darrah + Assoc.</u> 796 F.2d 190 (6th Cir., 1986). <u>Shepard</u> involved a delay of <u>less than 30 days</u>; here the delay is nearly 365 days. <u>Shepard</u> cannot assist this movant.

On page 11, movant cites the case of <u>TCI Group Life Ins. Plan vs. Knoebber</u> 244 F.3d 691(9th Cir. 2001).  All this case stands for is that a delay of <u>less than one month</u> will support a successful "set aside motion" under <u>Federal Rule of Civil Procedure</u>, rule 650(b)(1). The delay here is twelve times as large as the delay in <u>TCI</u>! On page 11 the movants cite the case of <u>Falk vs. Allen</u> 739 F.2d 461 (1984). Falk involved a delay between the default judgment and the "set aside" motion of less than 6 months. That is ½ of the delay here. Lastly, on page 8 the movants cite the case of <u>Laurino vs. Syringa General Hosp.</u> 279 F.3d 750 (9th Cir. 2002). In <u>Laurino</u> the delay was approximately one month. Here the delay is 12 times as long.

4.   <u>CONCLUSION:</u>

Mr. Wu is moving under <u>Federal Rules of Civil Procedure</u>, Rule 60(b). Such a motion requires a factual showing. Mr. Wu has utterly failed to set forth any facts to support his motion. The cases cited by Mr. Wu entail delays running from a maximum of 6 months to less than one week. Mr. Wu has failed to cite any case in which a delay of nearly one year for any reason justifies a court in setting aside a default judgment under Rule 60(b). This motion should be denied.

Respectfully submitted,

Dated:  15 Sept. 2009

_____
Frank Carleo, attorneys for
Shin P. Yang

- 3 -

U.S. DISTRICT COURT OF CALIFORNIA

**DECLARATION OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGLES:

I am employed in the county aforesaid; I am over age of eighteen years and not a party to the within entitled action; my business address is: 110 W. Las Tunas Dr., Ste. F, San Gabriel, CA. 91776

On September 15, 2009 I served the within

**Counter Claimant Shin P. Yang's Opposition Memorandum of Points and Authorities to Bin Wu's Motion to Set Aside Default; Declaration of Frank Carleo, and Evidentiary Objections to the Declaration of Bin Wu and Douglas G. Ingraham**

On the interested parties in said action, by placing a true copy thereof enclosed in a sealed envelope addressed as follow:

Douglas G. Ingraham, Esq.
723 Ocean Front Walk
Venice, CA 90291

[ X ]   (BY MAIL) I placed each such envelope, with postage thereon fully repaid for first-class mail, in the United States Postal Office for mailing at Los Angeles, California.

[   ]   (BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the address.

[ X ]   (BY FACSIMILE) I served such document(s) by fax number provided by each of the parties in this litigation at San Gabriel, California. I received a confirmation sheet indicating said fax was transmitted completely.

I declare under the penalty of perjury, under the law of the United States of America, that the above true and correct. Executed on September 15, 2009 at Los Angeles, California.

_____

Helen Yang