UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

O

| Case No. | CV 07-5608 CAS (JCx) | Date | September 25, 2009 |
|---|---|---|---|
| Title | AMERICAN GENERAL LIFE AND ACCIDENT INSURANCE COMPANY v. NING WU; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers:) DEFENDANT BIN WU'S MOTION TO SET ASIDE DEFAULT JUDGMENT AGAINST DEFENDANT/COUNTER-CLAIMANT BIN WU (filed 08/31/09)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of September 28, 2009, is hereby vacated, and the matter is hereby taken under submission.

## I. INTRODUCTION AND BACKGROUND

This dispute concerns entitlement to the death benefits payable under a life insurance policy issued by plaintiff American General Life and Accident Insurance Company ("AGLA"). On or about August 1, 1997, plaintiff AGLA issued life insurance policy no. 205082179 to Lisha Wu aka Jiaen Wu (the "policy"). The face value of the policy is $500,000, and the designated beneficiaries were Ning Wu, Bin Wu, and Jun Wu ("the Wu brothers"), the brothers of the insured, who are residents and citizens of the People's Republic of China. On or about July 31, 2006, the insured died in an automobile accident in Tuba City, Arizona.

On or about March 5, 2007, the Wu brothers claimed the entirety of the death benefits provided for by the policy. On or about August 6, 2007, AGLA received notice that defendant Shin P. Yang dba The Law Offices of Shin P. Yang ("Yang") was asserting a lien against the policy for legal services rendered. Yang claimed a forty percent interest in the policy based on a contingency fee agreement for legal services entered into by Yang and the Wu brothers. The parties dispute what legal services were

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5608 CAS (JCx) | Date | September 25, 2009 |
|---|---|---|---|
| Title | AMERICAN GENERAL LIFE AND ACCIDENT INSURANCE COMPANY v. NING WU; ET AL. | | |

to be rendered by Yang. Yang, on the one hand, asserts that he was retained by the Wu brothers to collect on the policy. The Wu brothers dispute that Yang is entitled to any contingency fee, because Yang was retained solely to bring suit in connection with their sister's death.

When the Wu brothers and Yang made claims against the policy, AGLA promptly paid the undisputed $300,000 portion of policy proceeds to the Wu brothers.[1] On August 28, 2007, AGLA filed an interpleader action in this Court naming the Wu brothers and Yang as defendants. In connection therewith, AGLA also deposited the disputed $200,000 into this Court. On November 27, 2007, Yang filed an answer and cross claim against the Wu brothers for breach of contract.

The Wu brothers answered the cross claim on February 9, 2009, denying that Yang is entitled to any recovery, and filed a cross claim against Yang. The Wu brothers allege that they retained Yang to represent them in a personal injury suit arising out of their sister's death,[2] but not to represent them in connection with their attempts to recover on their sister's life insurance policy.[3]

On August 11, 2008, Yang filed a request for the Clerk to enter a default against Bin Wu ("Wu"). On September 6, 2008, Yang filed a request for entry of default

---

[1] On November 6, 2007, AGLA also deposited an additional $2,610.74, representing the interest which had accrued on the entirety of the proceeds less the withholding tax on foreign nationals levied pursuant to 26 U.S.C. § 1441.

[2] The Wu brothers allege that Yang is not entitled to share in the insurance proceeds because he failed to pursue a personal injury suit arising out of their sister's death. Answer at ¶ 12; Cross-cl. at ¶ 30.

[3] On March 1, 2009, the Wu brothers filed an amended cross claim against Yang for (1) negligently failing to commence a lawsuit or otherwise protect the statute of limitations with respect to the wrongful death case of Lisha Wu; (2) failing to perform and discharge his legal, equitable and fiduciary duties in a reasonable, professional and competent manner; and (3) deliberately misleading the Wu brothers as to material facts and information with intent to defraud. Cross-cl. at ¶¶ 30-34.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5608 CAS (JCx) | Date | September 25, 2009 |
|---|---|---|---|
| Title | AMERICAN GENERAL LIFE AND ACCIDENT INSURANCE COMPANY v. NING WU; ET AL. | | |

judgment against Wu. On September 11, 2008, the Clerk entered a default against Wu.[4]

On August 31, 2009, defendant Wu filed the instant motion seeking to set aside clerk's entry of default. On September 15, 2009, defendant Yang filed an opposition to Wu's motion to set aside clerk's entry of default. No reply was filed. After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

## II.  LEGAL STANDARD

Pursuant to Fed. R. Civ. Pro. 55(c), a court may set aside an entry of default "for good cause." Three factors are considered by the Court in determining whether "good cause" is present: (1) whether defendant's culpable conduct led to the default; (2) whether defendant has a meritorious defense; and (3) whether reopening the default judgment would prejudice plaintiff. TCI Group Life Insurance Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2000) (noting that courts use the same factors to assess "good cause" under Fed. R. Civ. Pro. 55(c) as for reviewing default judgments under Fed. R. Civ. Pro. 60(b)).

As a general rule, cases should be decided on the merits as opposed to by default, and therefore "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment." Judge Schwarzer, Judge Tashima & Judge Wagstaffe, The Rutter Group Guide: Federal Civil Procedure Before Trial, 6:11 (2009) (citing Pena v. Seguros La Comercial, S.A. 770 F.2d 811, 814 (9th Cir. 1985). As such, the Court has broad discretion to overturn an entry of default. Mendoza v. Wight Vineyard Management, 783 F.2d 941, 945-46 (9th Cir. 1986). Nonetheless, it is the defaulting party's burden to demonstrate that a default judgment should be vacated. TCI Group Life Ins. Plan, 244 F.3d at 696.

## III.  DISCUSSION

---

[4] On May 11, 2009, the Court granted plaintiff AGLA's motion for discharge on the grounds that AGLA was a disinterested stakeholder. On July 13, 2009, Yang filed a motion to dismiss the Wu brothers' counterclaims. A hearing was held on August 10, 2009, where the Court denied Yang's motion to dismiss.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5608 CAS (JCx) | Date | September 25, 2009 |
|---|---|---|---|
| Title | AMERICAN GENERAL LIFE AND ACCIDENT INSURANCE COMPANY v. NING WU; ET AL. | | |

### A. Whether Defendants' Culpable Conduct Led to the Default

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of an action and *intentionally* failed to answer." TCI Group Life Ins. Plan, 244 F.3d at 697. "Neglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process is not 'intentional' under our default cases, and is therefore not necessarily – although it certainly may be, once the equitable factors are considered – culpable or inexcusable." Id. at 697-98.

Defendant Wu argues that there was no culpable conduct on his part that led to the entry of default. Mot. at 11-12. He argues that while he was in the United States from approximately February 11, 2008 through February 19, 2008, he met with Yang to discuss outstanding matters regarding his sister's death. Id. at 9-10; Wu decl. ¶¶ 6, 11. Wu contends that although he did meet Frank Carleo ("Carleo") at Yang's office, he was never personally served by Carleo. Mot. at 9-12; Wu decl. ¶¶ 6-8. Instead, Wu asserts that a good hour or so after Carleo left the building, Yang's secretary handed Wu a sealed packet of papers. Mot. at 10; Wu decl. ¶ 7. Wu contends that he was never told what this packet contained, and none of the documents in the packet were translated into Chinese. Mot. at 10; Wu decl. ¶¶ 8, 13. Because his English "is minimal," Wu asserts that Yang usually provided important documents to him in Chinese. Mot. at 10. Wu contends that after he returned to China, "it took some time and expense" before he understood "exactly what the legal papers meant for him and his brothers."[5] Mot. at 10; Wu decl. ¶¶ 13-16. Wu asserts that he and his brothers then hired an American attorney to represent them, and answered ACLA's complaint and Yang's cross-claims in February 2009. Mot. at 10; Wu decl. ¶ 16. Wu argues that this delay under the circumstances was "excusable neglect," as envisioned by Fed. R. Civ. Proc. Rule 60(b)(1). Mot. at 10.

---

[5] Furthermore, because his sister was considered a dissident by the Chinese government, Wu asserts that he believes the Chinese government monitors his family, and thus he did not want to apply for another travel visa soon after he had returned from the United States. Wu decl. ¶ 15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5608 CAS (JCx) | Date | September 25, 2009 |
|---|---|---|---|
| Title | AMERICAN GENERAL LIFE AND ACCIDENT INSURANCE COMPANY v. NING WU; ET AL. | | |

Yang submits the declaration of Frank Carleo to refute Wu's arguments. Carleo decl. ¶¶ 1-11. Carleo asserts that he personally served Wu on February 11, 2008, and that he told him the nature of the documents in English. Id. at ¶ 9. Carleo declares that after he personally served Wu, Yang explained to him in Chinese what Carleo had told Wu in English. Id. Carleo also declares that he had "no problem conversing with [Wu] in English." Id. at ¶ 10.

Yang further argues that Wu has failed to set forth any facts showing that he is entitled to the requested relief under Fed. R. Civ. Proc. Rule 60(b). Opp'n at 2. Yang argues that Wu "waited nearly 365 days [to file a motion to set aside the default judgment] because he could do so. That is the only explanation emanating from [Wu]." Id. Yang asserts that "[w]aiting nearly one year because you can is not a manifestation of mistake, inadvertence, surprise, or excusable neglect" pursuant to Rule 60(b)(1), nor "a manifestation of fraud, misrepresentation, or misconduct by an opposing party" pursuant to Rule 60(b)(3). Id. Yang further argues that Wu has not cited a single case where a court set aside a default judgment after a delay of nearly 365 days. Id. at 2-3.

The Court concludes that Wu's failure to timely answer AGLA's complaint and Yang's cross-claims "is excusable, not culpable." See TCI Group Life Ins. Plan, 244 F.3d at 697. There is no evidence here that he intentionally failed to respond in order to interfere with the opposing party or manipulate the legal process. Id. Instead, Wu has credibly argued that he was not informed about the contents of the sealed packet by Yang's office, and that he had to have them translated into Chinese before he could understand them, because of his "minimal" comprehension of English. Furthermore, as a Chinese national, Wu was "unfamiliar with the [American] legal system." Id. at 699. Thus, under the circumstances the Court finds Wu's "conduct to be excusable." See id.

### B. Whether Defendant has Meritorious Defenses

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense." Id. at 700. "But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy." Id.

Here, Wu argues that he and his brothers retained Yang "for the sole and express

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5608 CAS (JCx) | Date | September 25, 2009 |
|---|---|---|---|
| Title | AMERICAN GENERAL LIFE AND ACCIDENT INSURANCE COMPANY v. NING WU; ET AL. | | |

purpose of seeking damages for the personal injury case resulting from the automobile accident which killed their sister." Mot. at 3. Wu asserts that, contrary to Yang's contention, he and his brothers did not retain Yang to procure his sister's life insurance proceeds. Id. Indeed, Wu argues that the retainer agreement between the Wu brothers and Yang did not include a request for Yang to seek to procure their sister's life insurance proceeds. Id. Yang responds that Wu has failed to set forth any facts showing that he is entitled to the requested relief under Fed. R. Civ. Proc. Rule 60(b). Opp'n at 2.

The Court concludes that Wu has met his burden of presenting specific facts that would, if proven, constitute a defense to Yang's claims. See TCI Group Life Ins. Plan, 244 F.3d at 700.

### C. Whether Reopening the Default Would Prejudice Plaintiff

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case. Rather, the standard is whether [plaintiff's] ability to pursue his claim will be hindered." TCI Group Life Ins. Plan, 244 F.3d at 701. "[M]erely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting a default judgment." Id.

Wu argues that there is no evidence that reopening the default judgment will prejudice Yang. Mot. at 6-7. Wu argues that Yang must still litigate the same issues on the same facts against Wu's two brothers, Ning Wu and Jun Wu. Id. at 7. Wu further argues that this motion was filed within the time limits prescribed by Fed. R. Civ. P. Rule 60(c)(1) and before any significant judicial progress with respect to the cross-claims between Yang and Wu's brothers. Id. Yang does not argue that reopening the default judgment would prejudice him. Opp'n at 1-3.

The Court finds that setting aside the default as to Wu will not prejudice Yang. See TCI Group Life Ins. Plan, 244 F.3d at 701. First, Yang must still litigate the same issues on the same facts against Wu's brothers. Furthermore, there is no indication that Yang's ability to pursue his claim will be hindered if the default is set aside. See id.

### IV. CONCLUSION

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5608 CAS (JCx) | Date | September 25, 2009 |
|---|---|---|---|
| Title | AMERICAN GENERAL LIFE AND ACCIDENT INSURANCE COMPANY v. NING WU; ET AL. | | |

    For the foregoing reasons, the Court GRANTS Wu's motion to set aside clerk's entry of default.

    IT IS SO ORDERED

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |