JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN GENERAL LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>vs.<br><br>NING WU, BIN WU, JUN WU and SHIN P. YANG dba THE LAW OFFICES OF SHIN P. YANG,<br><br>    Defendants. | **Case No.: CVO7-05608 CAS (JCx)**<br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW**<br>**[F.R.C.P. 52(a); LOCAL RULE 52-1 et. seq.]**<br>**The Honorable Christina A. Snyder** |

  This interpleader case concerns entitlement to the death benefits payable under a life insurance policy issued by plaintiff American General Life and Accident Insurance Company ("AGLA") to the decedent Lisha Wu. On May 11, 2009 the Court discharged AGLA as an innocent stakeholder. The cross-claim of Cross-claimant attorney Shin P. Yang ("Yang") for legal fees against Ning Wu, Bin Wu and Jun Wu ("Wu Cross-defendants"), the named beneficiaries of Lisha Wu's life insurance, was tried before the Court on November 12, 2009. The Court, having considered the evidence presented at trial, the case file and the submissions of counsel, sets forth its findings of fact and conclusions of law.

## I. FINDINGS OF FACT.

1. The findings of fact set forth in the Court's October 19, 2009 order for partial summary judgment in favor of the Wu Cross-defendants are incorporated herein.

2. The only retainer agreement between the parties providing for payment of legal fees or costs by the Wu Cross-defendants to Yang is the March 21, 2007 retainer (Yang October 5, 2009 Decl., Exhib. 8; Jun Wu September 30, 2009 Decl., Exhib. A-1; Ning Wu September 30, 2009 Decl., Exhib. A-1; Bin Wu September 30, 2009 Decl., Exhib. A-1).

3. The only subject matter of the March 21, 2007 retainer is the Estate of Lisha Wu's potential wrongful death action resulting from the automobile accident which killed Lisha Wu in Tuba City, Arizona on July 31, 2006.

4. The March 21, 2007 retainer is a contingency fee agreement, and no legal fees or costs are payable to Yang unless Yang obtains "compensation" in the matter. Yang did not obtain any compensation in the matter of the automobile accident.

5. In its partial summary judgment order, dated October 19, 2009, the Court found that the March 21, 2007 retainer is voidable by the Wu Cross-defendants.

6. There are no other oral or written agreements between Yang and the Wu Cross-defendants for the performance of legal services by Yang, or for payment of legal fees or costs by the Wu Cross-defendants to Yang. Also, the Wu Cross-defendants and Yang never agreed that Yang would be entitled to receive a portion of, or receive payment from, the life insurance benefits payable as a result of Lisha Wu's death.

7. There is a dispute in the record about whether the Wu Cross-defendants terminated Yang's services in April 2007 or July 2007, but in any event Yang's services were terminated no later than July 9, 2007.

8. To the extent Yang provided any legal services in connection with the life insurance claim, such legal services were very routine.

9. Yang did not make a substantial showing that he achieved results for the Wu Cross-defendants in any matter other than the automobile accident matter.

10. Exhibit 48, Yang's compilation of hours worked and costs incurred, is imprecise, contains many duplications, is not reasonable and is not credible.

11. The number of hours Yang claims he worked, and the amount of money to which Yang claims he is entitled, appear to be excessive and unreasonably inflated.

12. To the extent Yang provided legal services for any matter other than in connection with the automobile accident, Yang was acting as a volunteer.

13. There is no showing by Yang that he is entitled to be paid legal fees or costs for any services other than the automobile accident matter.

14. To the extent necessary, each of these findings of fact may be deemed to be a conclusion of law.

## II. <u>CONCLUSIONS OF LAW</u>

1. The conclusions of law set forth in the Court's October 19, 2009 order for partial summary judgment in favor of the Wu Cross-defendants are incorporated herein.

2. The March 21, 2007 retainer is voidable, and thus it is not enforceable by Yang against the Wu Cross-defendants.

3. In any event, because Yang did not obtain any recovery under the March 21, 2007 retainer, Yang is not entitled to receive any legal fees or costs thereunder.

4. There is no other written or oral agreement under which the Wu Cross-defendants agreed to pay Yang legal fees or costs and the Wu Cross-

defendants are not obligated to pay Yang for any such legal services Yang may have performed.

5. Moreover, any such oral agreement would have been voidable under Cal. Bus. Prof. Code § 6148 ("In any case . . . in which it is reasonably foreseeable that total expense to a client, including attorney fees, will exceed one thousand dollars ($1,000), the contract for services in the case shall be in writing. . . . Failure to comply . . . renders the agreement voidable at the option of the client . . . ."). See also Chaganti v. I2 Phone Int'l, Inc., 635 F. Supp. 2d 1065, 1071 (N.D. Cal. 2007)).

6. If Yang were entitled to any recovery, it would be on the basis of the value of the services performed, not the hours Yang claims were incurred.

7. Yang has not made any showing that any legal services he may have performed for the Wu Cross-defendants on any matter other the automobile accident had any value.

8. Where, as in this case, an attorney submits a compilation of hours and costs to the Court which the trier of fact finds is unreasonable, not credible, excessive or unreasonably inflated, the Court has discretion to conclude that the attorney is not entitled to any recovery. Brown v. Stackler, 612 F. 2d 1057, 1059 (7th Cir. 1980); Serrano v. Unruh, 32 Cal.3d 621, 635 (1982). The Court applies the principles set forth in Brown v. Stackler and Serrano v. Unruh to this case and concludes Yang is not entitled to any recovery.

9. Mardirossian & Assoc. v. Ersoff, 153 Cal. App. 4th 257 (2007) cited by Yang is inapposite. Mardirsossian is distinguishable, among other reasons, because in Mardirossian: (i) there was a detailed written retainer agreement that expressly provided for hourly fees in lieu of payment on a contingent fee basis if the client discharged the attorney, (ii) there was substantial credible evidence of the value of the attorneys' services, time incurred, and results achieved, (iii) the complexity of the matters in Mardirossian was much greater than in this case, and

(iv) the <u>Mardirossian</u> attorneys worked for seven months on the matter for which they were retained and were discharged on the eve of trial.

10. Yang has not made any showing that he is entitled to be paid any legal fees or costs by the Wu Cross-defendants, and therefore Yang is entitled to nothing.

11. The Wu Cross-defendants are entitled to the entire amount of the life insurance death benefits payable in connection with the death of Lisha Wu.

12. To the extent necessary, each of these conclusions of law may be deemed to be a finding of fact.

## III. **AWARD**.

1. The Court dismisses Yang's Cross-Complaint in its entirety with prejudice.

2. The Court concludes that the Wu Cross-defendants are entitled to, and shall receive, the entire interpleaded amount held by this Court, plus interest as applicable.

IT IS SO ORDERED

Dated: 1/4/10

*Christina A. Snyder*
United States District Court Judge